# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEXIS R., et al., <br><br> Plaintiff, <br> vs. <br><br> HIGH TECH MIDDLE MEDIA ARTS SCHOOL, et al., <br><br> Defendant. | CASE NO. 07cv830 BTM (WMc) <br><br> **ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS** |

On March 5, 2009, Defendants High Tech Middle Media Arts School and High Tech High School ("High Tech"), filed a Motion to Dismiss Plaintiff Alexis R.'s ("Alexis") First Amended Complaint ("FAC"). Plaintiff filed a Response to Defendants' Motion, and Defendants subsequently filed a Reply. For the reasons discussed below, Defendants' Motion to Dismiss is **GRANTED IN PART** and **DENIED IN PART**.

## I. BACKGROUND

The following facts are taken from the FAC and the records of the administrative proceedings and other records of which the Court has taken judicial notice. The Court makes no finding as to the truthfulness of the allegations of the complaint.

On March 9, 2005, Alexis was in the sixth grade at Explorer Elementary School, which

1  Defendants operate.  At that time, an Individualized Education Program ("IEP") meeting was
2  held, which determined that Alexis was eligible for special education services under the
3  Deaf/Hard of Hearing classification.  (Pl.'s First Amended Complaint ("FAC") ¶ 17.)  In the
4  Fall of 2005, Alexis entered seventh grade at High Tech Middle Media Arts School and
5  Defendants deleted the Deaf/Hard of Hearing services from Plaintiff's IEP over her protests.
6  (FAC ¶ 18.)

7  On March 22, 2006, High Tech Middle Media Arts School wrote an IEP proposing to
8  disqualify Alexis from eligibility for special education services.  (FAC ¶ 20.)  On September
9  7, 2006, High Tech Middle Media Arts School wrote an IEP disqualifying Alexis from special
10 education. (FAC ¶ 21.)

11 On September 20, 2006, High Tech Middle Media Arts School requested a due
12 process hearing.  (FAC ¶ 24.)  On October 5, 2006, Plaintiff requested a due process
13 hearing.  (Id.)  The cases were consolidated and heard by the Office of Administrative
14 Hearings ("OAH") on December 7 through 15, 2006.  The hearing addressed: (1) whether
15 High Tech failed to assess Alexis in all areas of suspected disability, specifically in the areas
16 of visual processing and auditory processing, and (2) whether High Tech could exit Alexis
17 from the special education program because she no longer qualified for special education
18 services. (FAC, Ex. A at 2.)  On February 8, 2007, Administrative Law Judge ("ALJ") Susan
19 Ruff issued the 2007 OAH Decision, holding that (1) Plaintiff prevailed on the issue of
20 whether High Tech properly assessed Alexis in all areas of suspected disability and (2)
21 Defendants prevailed on the issue of whether High Tech could properly exit Alexis from the
22 special education program.  (Id. at 20.)

23 Beginning February 9, 2007, and continuing until March 9, 2008, Alexis's parents paid
24 for private tutoring and vision therapy for Alexis.  (Defs.' Request for Judicial Notice
25 ("DRJN"), Ex. J at 2.)

26 On June 19, 2007, this Court issued an Order on Stipulation to Stay Execution of
27 Administrative Decision, which effected a "stay put" for Alexis at High Tech Middle Media Arts
28 School. The stay put continued when Alexis entered High Tech High School at the beginning

of the 2007-2008 school year. (DRJN, Ex. G at 1.)

In early 2008[1] Alexis withdrew from High Tech High School and enrolled in the San Diego Unified School District, San Diego Charter School. (DRJN, Ex. A at 1.) On June 2, 2008, this Court dismissed the case without prejudice because Plaintiff's withdrawal from High Tech mooted her equitable claims against Defendants. (Id. at 3.)

On July 1, 2008, Plaintiff requested a due process hearing from the OAH, which addressed Plaintiff's compensatory education claim. (DRJN, Ex. J at 2.) On August 28, 2008, this Court granted Plaintiff's motion to stay the 30 day period to amend her complaint. The Court granted Plaintiff leave to amend 30 days after the conclusion of the administrative claims process. (FAC ¶ 33.) On October 28, 2008, the OAH, ALJ Robert Helfand, dismissed Plaintiff's compensatory education claim with prejudice on the basis of the res judicata effect of the 2007 OAH Decision. (FAC, Ex. B at 3.)

On November 24, 2008, Plaintiff filed her First Amended Complaint with this Court.

## II. **DISCUSSION**

Defendants argue that Plaintiff's first cause of action should be dismissed on two grounds. First, Defendants argue that the Court lacks subject matter jurisdiction because the claims for relief Plaintiff presented in her original due process complaint do not support a claim for reimbursement and became moot when Alexis withdrew from High Tech. Second, Defendants argue that Plaintiff's first cause of action fails to state a claim upon which relief may be granted because Plaintiff's claim for reimbursement is not procedurally cognizable under the Individuals with Disabilities Education Act ("IDEA").

Defendants argue that Plaintiff's second cause of action should be dismissed on two grounds. First, Defendants argue that compensatory education is not a proper remedy for a stay put violation. Second, Defendants argue that Plaintiff may not bring the claims in her

---

[1]There is an inconsistency regarding the date of Alexis's withdrawal from High Tech. Whether Alexis withdrew in February 2008 (see DRJN, Ex. A at 1) or March 2008 (see DRJN, Ex. B at 2) is not relevant to the issues before the Court at this time.

second cause of action because she raised them only after leaving High Tech.

A. <u>Remedies Under the IDEA</u>

Plaintiff's FAC requests new relief under her first cause of action and adds a second cause of action. As it is pertinent to the instant Motion to Dismiss, the Court first addresses the remedies Plaintiff newly seeks. Both causes of action ask for the following relief to remedy Defendants' alleged violations of the IDEA:

> As the aggrieved parties under IDEA, plaintiffs request this court issue its order for an award of compensatory education to be provided by defendants both as reimbursement for tutoring and vision or other therapies required to enable Alexis to learn, and as an award of damages to pay for such special education services which will compensate for that which has not been provided by defendants, according to proof. (FAC ¶ 27, 38.)

Reimbursement and compensatory education are two distinct remedies. See <u>Sch. Comm. of Burlington v. Dept. of Educ.</u>, 471 U.S. 358, 370-71 (recognizing reimbursement as a remedy under IDEA); <u>Moseley v. Bd. of Educ. of Albuquerque Pub. Sch.</u>, 483 F.3d 689, 693-94 (10th Cir. 2007) (describing compensatory education and reimbursement as distinct remedies). "Compensatory education" refers to an equitable remedy in the form of services. See <u>Parents of Student W v. Puyallup Sch. Dist.</u>, 31 F.3d 1489, 1496 (9th Cir. 1994) (noting that compensatory education is an equitable remedy in the form of services); <u>Pihl v. Mass. Dept. Of Educ.</u>, 9 F.3d 184, 188-89 (1st Cir. 1993) (holding "that compensatory education is available to remedy past deprivations[;] . . . the [IDEA] may require *services* at a future time to compensate for what was lost." (emphasis added)). It is unclear from the face of the FAC whether Plaintiff erroneously seeks reimbursement and damages as a <u>form</u> of compensatory education, or whether she intends to additionally request compensatory education services as a separate type of relief. Neither Defendants nor Plaintiff address this issue. Construing Plaintiff's FAC in the light most favorable to her, the Court assumes, for the purpose of this Motion to Dismiss, that Plaintiff requests all three forms of relief.

Damages, however, are clearly unavailable under the IDEA. See Mountain View-Los Altos Union High Sch. Dist. v. Sharron B.H., 709 F.2d 28, 30 (9th Cir. 1983) (finding "the damage remedy outside the scope of the [EAHCA, the predecessor statute to the IDEA]" and thus unavailable for violation of the stay put provision, and agreeing with the Seventh Circuit that "the wording of the statute does not disclose a congressional intent to provide a damage remedy"); Witte v. Clark County Sch. Dist., 197 F.3d 1271, 1275 (9th Cir. 1999) (noting that "ordinarily monetary damages are not available under [the IDEA]" and holding that "monetary damages . . . is not relief under the IDEA"); Kutasi v. Las Virgenes Unified Sch. Dist., 494 F.3d 1162, 1168 (9th Cir. 2007) (same). Plaintiff's first and second causes of action are accordingly dismissed to the extent that they seek a remedy of damages.

B. First Cause of Action

Plaintiff's first cause of action appeals the 2007 OAH Decision that Defendants could properly exit Alexis from special education. Defendants first assert that Plaintiff's first cause of action is moot. In the alternative, Defendant's contend that Plaintiff's first cause of action is not procedurally cognizable because she failed to include a claim for reimbursement in her original due process complaint.

1. Mootness

Defendants initially argue that the Court lacks jurisdiction over Plaintiff's first cause of action because the equitable claims she raised in her original due process complaint became moot when Alexis withdrew from High Tech.

"A jurisdictional challenge under Rule 12(b)(1) may be made either on the face of the pleadings or by presenting extrinsic evidence." Warren v. Fox Family Worldwide, Inc., 328 F.3d 1136, 1139 (9th Cir. 2003). Here, Defendants' motion relies on the FAC, administrative records, and prior proceedings in this Court. The Court "accept[s] all allegations of fact in the complaint as true and construe[s] them in the light most favorable to the plaintiff[]." Id.

For a party seeking to have a case dismissed as moot, "[t]he burden is a heavy one."

United States v. W.T. Grant Co., 345 U.S. 629, 633 (1953); see also Lillbask ex rel. Mauclaire v. Conn. Dept. of Educ., 397 F.3d 77, 84 (2nd Cir. 2005) (IDEA case citing W.T. Grant Co. in discussion of mootness challenge). This Court previously held that the equitable claims in Plaintiff's original due process complaint became moot when she withdrew from High Tech. (See DRJN, Ex. A.) A claim for reimbursement, however, remains a live controversy even when other equitable claims are moot.

The Ninth Circuit has held that students who have graduated high school, and are thus no longer eligible for special education services, may still present viable claims for reimbursement for a past denial of a free appropriate public education ("FAPE"). See Capistrano Unified Sch. Dist. v. Wartenberg, 59 F.3d 884, 890 (9th Cir. 1995) (holding that plaintiffs' claim for reimbursement for private placement presented a live controversy even after student graduated high school). The Supreme Court has also so noted. See Zobrest v. Catalina Foothills Sch. Dist., 509 U.S. 1, 4 at n.3 (1993) ("During the pendency of this litigation, James completed his high school studies and graduated from Salpointe on May 16, 1992. This case nonetheless presents a continuing controversy, since petitioners seek reimbursement for the cost they incurred in hiring their own interpreter."). Thus, although Alexis's withdrawal from High Tech, like graduation from high school, would moot claims for present or future denial of a FAPE, a reimbursement claim for past denial of a FAPE remains live. If the Court later finds that Defendants denied Plaintiff a FAPE by exiting her from special education, she may be able to recover reimbursement.

Since Plaintiff's reimbursement claim is actionable, the Court next considers whether, procedurally, she may raise a reimbursement claim now if she did not include it in her original due process complaint.

2. Procedural Requirements of the IDEA

Defendants argue that Plaintiff's first cause of action is not procedurally cognizable under the IDEA because Plaintiff failed to raise the issue of reimbursement in her first due process complaint before ALJ Ruff.

1 | A motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure
2 | 12(b)(6) should be granted only where a plaintiff's complaint lacks a "cognizable legal theory"
3 | or sufficient facts to support a cognizable legal theory. <u>Balisteri v. Pacifica Police Dept.</u>, 901
4 | F.2d 696,699 (9th Cir. 1988). The plaintiff must set forth only a "short and plain statement"
5 | of the claim showing that the plaintiff is entitled to relief. <u>Conley v. Gibson</u>, 355 U.S. 41, 47
6 | (1957). When reviewing a motion to dismiss for failure to state a claim, the Court accepts
7 | all well-pleaded facts of the complaint as true and construes them in the light most favorable
8 | to the nonmoving party. <u>Decker v. Advantage Fund, Ltd.</u>, 362 F.3d 593, 595 (9th Cir. 2004).
9 | The Court generally may not look beyond the face of the complaint. <u>Lee v. City of Los
10 | Angeles</u>, 250 F.3d 668, 688 (9th Cir. 2001). However, "[a] court may take judicial notice of
11 | 'matters of public record' without converting a motion to dismiss into a motion for summary
12 | judgment, as long as the facts noticed are not 'subject to reasonable dispute.'" <u>Intri-Plex
13 | Technologies, Inc. v. Crest Group, Inc.</u>, 499 F.3d 1048, 1052 (9th Cir. 2001) (quoting <u>Lee</u>,
14 | 250 F.3d at 689 (internal citations omitted)).

15 | The Court takes judicial notice of records incorporated into the FAC by reference,
16 | including the administrative proceedings below and the prior proceedings of this Court. <u>See
17 | R.B. ex rel. F.B. v. Napa Valley Unified Sch. Dist.</u>, 496 F.3d 932, 937 (9th Cir. 2007) (noting
18 | that district courts receive the administrative record and any additional evidence when
19 | reviewing the outcome of a due process hearing).

20 | The language of the IDEA permits a party aggrieved by an administrative decision "to
21 | bring a civil action with respect to the complaint presented pursuant to this section." 20
22 | U.S.C. § 1415(i)(2)(A). Generally, when administrative proceedings such as due process
23 | hearings are available, all issues must be raised at the administrative level to be subject to
24 | judicial review. <u>Accord</u> <u>Portland Gen. Elec. Co. V. Bonneville Power Admin.</u>, 501 F.3d 1009,
25 | 1024 (9th Cir. 2007) (excusing waiver of issues not raised before administrative agency, but
26 | noting competing concern of respecting "the agency's prerogative to apply its expertise, to
27 | correct its own errors, and to create a record for our review") <u>with</u> <u>Wartenberg</u>, 59 F.3d at
28 | 891 (reiterating the admonishment that judicial review of administrative decisions "is by no

means an invitation to the courts to substitute their own notions of sound educational policy for those of the school authorities which they review" (quoting Bd. of Educ. of the Hendrick Hudson Cent. Sch. Dist. v. Rowley, 458 U.S. 176, 206)). But, failure to raise an issue in administrative proceedings below is not necessarily fatal to judicial review. See Johnson v. Dir., Office of Workers' Comp., 183 F.3d 1169, 1171 (9th Cir. 1999) (reviewing supplemental fee issue not raised before administrative law judge since such review did not usurp the Benefits Review Board's expertise or prerogative to correct its own mistakes). "[I]n certain cases, [a plaintiff] may bypass the administrative process to seek judicial relief." Pihl v. Mass. Dept. of Educ., 9 F.3d 184, 190 (1st Cir. 1993); see also Honig v. Doe, 484 U.S. 305, 327 (1988) ("parents may bypass the administrative process where exhaustion would be futile or inadequate").

For example, the First Circuit has held that a student's failure to exhaust administrative remedies did not prevent appeal to the district court when the need for relief was not apparent at the time of the original due process hearing.[2] See Maine Sch. Admin. Dist. No. 35 v. Mr. R., 321 F.3d 9, 18 (1st Cir. 2003) ("the appellants' failure to raise a then-nonexistent compensatory education claim before the hearing officer is not fatal to judicial review"). In Mr. R., the parents of a student with Down's Syndrome appealed a district court's denial of attorneys' fees and requested compensatory education for the period after the student's special education eligibility allegedly expired. Id. Since the need for compensatory education did not manifest until after the hearing officer's decision, the court permitted judicial review of the claim. Id.

This Court agrees with the First Circuit that a student's failure to raise her then-nonexistent reimbursement claim in her original due process complaint is not fatal to judicial review of that claim. Here, Plaintiff did not begin using the services for which she seeks reimbursement until after she filed her original due process complaint. In fact, the period of

---

[2] The D.C. Circuit takes a stricter approach to exhaustion. See Cox v. Jenkins, 878 F.2d 414, 422 (D.C.Cir. 1989) (holding "[t]he District Court erred in finding that it would have been futile for the appellees to exhaust their administrative remedies under the [predecessor statute to IDEA] prior to bringing suit to challenge [the school district's] proposed placement.").

services for which she requests reimbursement did not begin until the day after ALJ Ruff issued the 2007 OAH Decision. Furthermore, Plaintiff did seek administrative relief for this claim once the need became apparent. (See RJN, Ex. J.)

The Ninth Circuit has held that a parent's unilateral placement or provision of services to a student, even when disapproved by the school, may warrant reimbursement if the court later determines that the child was denied a FAPE. See Union Sch. Dist. v. Smith, 15 F.3d 1519, 1527 (9th Cir. 1994) (holding that parents were entitled to reimbursement for unilateral placement of autistic child in private facility); see also Adams v. State of Or., 195 F.3d 1141, 1151 (9th Cir. 1999) (holding that parents were entitled to reimbursement for unilateral provision of early intervention services when school inappropriately reduced services during summer). Unilateral placement may warrant reimbursement even in the absence of an IEP. See Forest Grove Sch. Dist. v. T.A., 523 F.3d 1078, 1088-89 (9th Cir. 2008), *cert. granted* — U.S. —, 129 S.Ct. 987, 173 L.Ed.2d 171 (2009) (holding that parents were entitled to tuition reimbursement for private placement of student even though student never received special education services from the district and district's multi-disciplinary team deemed student ineligible for special education services). A court must, however, deem the unilaterally provided services appropriate to warrant reimbursement. See Gregory K. v. Longview Sch. Dist., 811 F.2d 1307, 1314 (9th Cir. 1987) (holding that parents were not entitled to reimbursement for unilateral provision of private tutoring services to student when school offered appropriate educational services). Nonetheless, at this stage, it is enough that, should the Court find that Defendants denied Plaintiff a FAPE by exiting her from special education, she may have a claim for reimbursement. Whether Plaintiff's unilateral provision of tutoring and therapy services was appropriate to warrant reimbursement is a factual question that the Court need not reach at this time.

Defendants rely on Lillbask v. State of Conn. Dept. of Educ., 397 F.3d 77 (2nd Cir. 2005), to support their contention that Plaintiff may not now raise the issue of reimbursement since no claim for reimbursement was raised in Plaintiff's original due process complaint. (Defs.' Mot. to Dismiss ("MTD") at 15-17.) Lillbask, however, is distinguishable. In Lillbask,

the plaintiff failed to request compensatory education or reimbursement in her Fourth Amended Complaint and only first raised the issue in oral argument before the Court of Appeals for the Second Circuit. Id. at 91. Here, Plaintiff requested reimbursement in her First Amended Complaint before the Court only after first filing a second due process complaint with OAH including this claim.

Thus, the Court finds that Plaintiff's first cause of action is neither moot nor procedurally defective.

C. Second Cause of Action

Plaintiff's second cause of action seeks relief for Defendants' alleged failure to provide Alexis with a FAPE from September 7, 2006 to February 8, 2007, while Plaintiff's original due process complaint was pending before ALJ Ruff, and for Defendants' violation of the stay put provisions in effect from May 8, 2007 until March 9, 2008.

Defendants initially argue that the Court lacks jurisdiction to consider Plaintiff's claim that Defendants violated the stay put provision because she was not eligible for special education in the first place. As explained above, however, Plaintiff has sufficiently stated a claim for relief in her first cause of action. Because the Court may later determine on Plaintiff's first cause of action that she was eligible for special education, the Court also has jurisdiction to consider whether Defendants violated the stay put provision in her second cause of action.

Defendants also contend that compensatory education services are not a proper remedy for violation of a stay put provision. The Court disagrees. If Defendants denied Alexis a FAPE during her time at High Tech, a question the Court does not reach at this time, then compensatory education may be a remedy for their violation of the stay put provision. See Hale ex rel. Hale v. Poplar Bluffs R-R Sch., 280 F.3d 831, 834 (8th Cir. 2002) ("The district court ordered the District to provide Jeffrey extended-school-year services for one summer to remedy its violation of IDEA's stay-put provision. The District challenges this ruling on appeal, but we conclude it was well within the district court's remedial discretion.");

Mr. C. v. Maine Sch. Admin. Dist., 538 F. Supp. 2d 298, 303 (D. Me. 2008) (noting that the First Circuit has held that compensatory education is not an appropriate remedy for a purely procedural violation of the IDEA and asserting that "violation of the stay-put provision is hardly a purely procedural violation . . . [t]hus, it is equitable to order the school district to provide compensatory education when it [violates the stay put provision]."); Parents of Student W v. Puyallup Sch. Dist., 31 F.3d 1489, 1496 (9th Cir. 1994) (noting that compensatory education is a discretionary remedy that the district court may order for a change in placement in violation of the IDEA).  It is possible that no compensatory education services exist to appropriately remedy the FAPE violations Plaintiff alleges in her second cause of action.  At this stage, however, it is sufficient that compensatory education services *may* remedy these alleged violations.

Defendants finally argue that Plaintiff may not raise the issues included in her second cause of action because she did not bring them until after exiting Defendants' district.  Defendants rely on an Eighth Circuit case, Thompson v. Bd. of Special Sch. Dist., 144 F.3d 574 (8th Cir. 1998).  In Thompson, however, the plaintiff did not request a due process hearing to challenge the defendant school district's assessment and the educational services it provided to her son until over half a year after removing him from the district and placing him in a charter school.  Id. at 577.  In the present case, Plaintiff first requested a due process hearing to challenge High Tech's eligibility determination in October of 2006, while Alexis was still enrolled in High Tech.  Plaintiff also specifically raised the stay put violation in her January, 2008 motion for Rule 11 sanctions before this Court, again while Alexis was still a student at High Tech.

Moreover, although there is no Ninth Circuit authority directly on point, other courts have held that "a school district nonetheless may be required to compensate a student for any IDEA violations that occurred before [a] move [out of the school district]."  Lewis Cass Inter. Sch. Dist. v. M.K. ex rel. J.K., 290 F. Supp. 2d 832, 838 (W.D. Mich. 2003) (holding that student's claim for compensatory education services was valid even after he exited the defendant school district); see also Neshaminy Sch. Dist. v. Karla B., No. 96-3865, 1997 WL

137197, at *6 (E.D. Pa. 1997) (finding that student's claim for compensatory education services was not moot even though he moved out of the defendant school district before filing his request for a due process hearing).  Thus, if Plaintiff succeeds on her second cause of action, compensatory education services may be an appropriate remedy even though Alexis is no longer a student in Defendants' schools.

Therefore, the Court finds that Plaintiff's second cause of action states a claim upon which relief may be granted.  Plaintiff's second cause of action is procedurally cognizable to the extent that she seeks services or reimbursement as a remedy.

### III. CONCLUSION

For the reasons discussed above, the Court hereby **GRANTS IN PART** and **DENIES IN PART** the Defendants' Motion to Dismiss.  The Court **GRANTS** Defendants' Motion to Dismiss insofar as Plaintiff seeks damages on both her first and second causes of action. The Court **DENIES** Defendants' Motion to Dismiss in all other respects.

**IT IS SO ORDERED.**

DATED:  August 3, 2009

*Barry Ted Moskowitz*

Honorable Barry Ted Moskowitz
United States District Judge